UNITED STATES DISTRICT COURT
SOTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ALL PREMIUM CONTRACTORS INC     Index No.:

                       Plaintiff

                                                                    **Verified Complaint**
      -against-

SUNLIGHT FINANCIAL LLC,                    **Jury Trial Demanded**

                       Defendant
-------------------------------------------------------------x

      Plaintiff, ALL PREMIUM CONTRACTORS INC (hereinafter, "Plaintiff" or "ALL PREMIUM"), by and through its attorney, Yitzchok Kotkes, brings this action against defendant, SUNLIGHT FINANCIAL LLC (hereinafter, "**Defendant**" or "**SUNLIGHT FINANCIAL**"), and alleges as follows:

## INTRODUCTION

1.     This is a legal action based on breach of contract, fraud, conversion, and unjust enrichment resulting from SUNLIGHT FINANCIAL's refusal to release funds owed to ALL PREMIUM for the installation of solar panels according to a contract between ALL PREMIUM and SUNLIGHT FINANCIAL. Pursuant to the terms of the contract, SUNLIGHT FINANCIAL provides a service that involves finding a financing company to finance the installation of solar panels for homeowners who require credit. Once a contract for the installation of solar panels is signed, the financing company releases the entire amount to SUNLIGHT FINANCIAL, which holds the funds in an "escrow" account designated for All Premium contractors. Under the contract, All Premium must provide proof of substantial completion to SUNLIGHT FINANCIAL, which is then obligated to release the funds from the account.

2.     Since November 2022, SUNLIGHT FINANCIAL has unlawfully withheld payment for more than 20 completed projects, which have a total value of at least one million dollars. ALL PREMIUM has fulfilled its contractual obligations by completing the installation of solar panels and submitting proof of substantial

completion for each project. However, despite proof of substantial completion, and despite demand having been made for the payment of same, SUNLIGHT FINANCIAL has failed to release to ALL PREMIUM the funds it is holding in escrow for same.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and the Defendant, and the amount in controversy exceeds $75,000. Diversity of citizenship exists because Plaintiff is a citizen of California and Defendant is a citizen of Delaware and New York.

4.  Venue is proper in New York County because Defendant is located and conducts business from its office in the county, and because the parties' dispute arises out of an agreement under which the parties "expressly and irrevocable [sic] consented] to the exclusive jurisdiction and venue of the state and federal courts of New York County, New York with respect to any dispute arising out of or relating to this agreement or its subject matter" see pages 21-22 of Contract attached hereto as "**Exhibit 1.**"

## PARTIES

5.  Plaintiff ALL PREMIUM CONTRACTORS INC is a California corporation with its principal place of business located at 7160 Asman Ave, West Hills, CA 91307

6.  Defendant SUNLIGHT FINANCIAL LLC is a Delaware limited liability company with its principal place of business located at 234 W. 39th Street, 7th Floor, New York, NY 10018.

## FACTS

7.  On March 23, 2019, ALL PREMIUM CONTRACTORS and SUNLIGHT FINANCIAL LLC signed a written contract in which the plaintiff agreed to install solar panels at various locations designated by the defendant (referred to as "the Contract").

8.  According to the terms of the Contract, the defendant was required to pay the plaintiff for the work completed upon the plaintiff's submission of proof of substantial completion.

9. The plaintiff has substantially completed the work required by the Contract and submitted proof of completion to the defendant.

10. Pursuant to the Contract, ALL PREMIUM completed the installation of the solar panels and submitted proof of substantial completion of the work to SUNLIGHT FINANCIAL.

11. Despite ALL PREMIUM's performance, SUNLIGHT FINANCIAL has failed to pay the plaintiff for the work performed and has refused to release the funds that SUNLIGHT FINANCIAL is holding.

12. Despite ALL PREMIUM's performance, SUNLIGHT FINANCIAL has failed to pay ALL PREMIUM for the work performed and has refused to release the funds owed to ALL PREMIUM.

13. Additionally, Defendant has made false representations to some homeowners that ALL PREMIUM has been paid in full for the work completed, when, in fact, ALL PREMIUM had not been paid in full for such work that it completed.

## **ALLEGATIONS**

14. SUNLIGHT FINANCIAL's refusal to pay ALL PREMIUM for the work performed and release the funds owed to ALL PREMIUM is a breach of the Contract.

15. The defendant's false representations to the homeowner constitute fraud.

16. The defendant's refusal to release the funds owed to the plaintiff constitutes conversion and unjust enrichment.

17. As a result of SUNLIGHT FINANCIAL's breach of contract, fraud, conversion, and unjust enrichment, ALL PREMIUM has suffered monetary damages.

## **COUNT I: BREACH OF CONTRACT**

18. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 17.

19. The contract between ALL PREMIUM and SUNLIGHT FINANCIAL requires SUNLIGHT FINANCIAL to pay ALL PREMIUM for the work performed upon submission of proof of substantial completion of the work.

20. ALL PREMIUM has performed all obligations required of it pursuant to the terms of the contract.

21. SUNLIGHT FINANCIAL has breached the contract by failing to pay ALL PREMIUM for the work it performed and by refusing to release the funds that SUNLIGHT FINANCIAL is holding specifically for such purpose.

22. As a direct and proximate result of SUNLIGHT FINANCIAL's breach of contract, ALL PREMIUM has suffered damages in the amount in an amount to be determined at trial, but in excess of $1,000,000.00.

## COUNT II - FRAUD

23. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 22.

24. On December 28, 2022, Sunlight sent a letter to one of homeowners stating

> " Thank you for allowing Sunlight Financial to facilitate your Solar Loan on behalf of your contractor, All Premium Contractors, and your lender, Cross River Bank. Here is some additional information about your loan: Your Contractor was paid $97,200.00 on 12/19/2022. Based on this payment to your Contractor, the following terms from your Truth in Lending Act Disclosures have been updated as follows:

Letter from SUNLIGHT FINANCIAL to customer attached hereto as **"Exhibit 2."**

25. When this letter was sent to the customer, SUNLIGHT FINANCIAL had not released any funds to ALL PREMIUM for the job referenced in Paragraph 24.

26. On February 28, 2023, two months after sending the above letter, Sunlight wrote the following email to Plaintiff regarding the status of the funds for the same homeowner referenced in Paragraph 24.

> "The following are M1-approved pending PTO. Once PTO docs are received along with homeowner validation, the remaining funds will be paid."
>
> Account Name:                                    Opportunity Name
> Jazzmen M Morris                                 Williams: 0066S00001391d6

Email from SUNLIGHT FINANCIAL to Plaintiff is attached hereto as **"Exhibit 3"**

27. SUNLIGHT FINANCIAL's false representations were made with the intent to induce homeowners to continue making payments to Defendant.

28. ALL PREMIUM has suffered damages because of Defendant's fraudulent conduct in an amount to be proven at trial.

29. SUNLIGHT FINANCIAL's false statement to the homeowner that ALL PREMIUM had been paid when in fact ALL PREMIUM had not been paid constitutes a material misrepresentation.

30. SUNLIGHT FINANCIAL knew the statement was false when made or made the statement with reckless disregard as to its truth or falsity.

31. SUNLIGHT FINANCIAL's false statement to the homeowner constitutes fraud and entitles ALL PREMIUM to damages.

32. By means of knowingly false representations and omissions, including as alleged above, Defendant intended to and did in fact cause Plaintiff to be deprived of its funds held in escrow by SUNLIGHT FINANCIAL.

33. Plaintiff has suffered damages as a direct and proximate result of the foregoing.

34. Defendant's bad faith and malicious, willful, reckless, wanton, and fraudulent actions warrant the imposition of exemplary and punitive damages.

35. Defendant's fraud caused Plaintiff damages in excess of $1,000,000.00.

36. Accordingly, a money judgment for compensatory damages should be entered in Plaintiff's favor against the Defendant, in an amount to be determined at trial, but in excess of $1,000,000.00, plus punitive damages, including interests, costs, and attorneys' fees.

## COUNT III - CONVERSION

37. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 36.

38. Plaintiff is the owner of the specific funds that SUNLIGHT FINANCIAL holds in an "escrow" account designated for ALL PREMIUM's contractors.

39. SUNLIGHT FINANCIAL have intentionally, willfully, wantonly, wrongfully, and maliciously interfered with Plaintiff's ownership of, and upon information and belief are in possession of, Plaintiff's property referenced in the above paragraphs.

40. SUNLIGHT FINANCIAL has exercised dominion and control over funds belonging to ALL PREMIUM, to which ALL PREMIUM is entitled.

41. SUNLIGHT FINANCIAL converted the funds owed to ALL PREMIUM by refusing to release them.

42. SUNLIGHT FINANCIAL's conversion was intentional and without ALL PREMIUM's consent.

43. Accordingly, a money judgment for compensatory damages should be entered in Plaintiff's favor against the Defendant, in an amount to be determined at trial, but in excess of $1,000,00.00, plus punitive damages, including interests, costs, and attorneys' fees.

## COUNT IV- BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

44. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 43.

45. SUNLIGHT FINANCIAL had an implied obligation of good faith and fair dealing in its contractual relationship with ALL PREMIUM.

46. SUNLIGHT FINANCIAL had an actual duty of good faith and fair dealing in its contractual relationship with ALL PREMIUM.

47. SUNLIGHT FINANCIAL breached this duty by refusing to release funds owed to ALL PREMIUM despite ALL PREMIUM's submission of proof of substantial completion of the work.

48. As a direct and proximate result of Defendant's breach of its duty of good faith and fair dealing, ALL PREMIUM has suffered damages amount to be determined at trial but in excess of $1,000,00.00, plus punitive damages including interests, costs, and attorneys' fees.

## COUNT V-UNJUST ENRICHMENT

49. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 48.

50. Defendant benefitted by wrongfully taking $1,000,000.00 from funds intended for the Plaintiff. Defendant have not returned the misappropriated funds.

51. Defendant benefitted at Plaintiff's expense since Plaintiff lost $1,000,000.00 and Defendant has not returned the misappropriated funds.

52. Equity and good conscience require restitution because Defendant still possess or control the funds that belong to Plaintiff.

53. Accordingly, a money judgment for compensatory damages should be entered in Plaintiff's favor against the Defendant, in an amount to be determined at trial, but in excess of $1,000,000.00, plus punitive damages, including interests, costs, and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a) On the First cause of action for Breach of Contract, damages in an amount to be determined at trial of this matter;

(b) On the Second cause of action for Fraud, punitive damages and an amount to be determined at trial of this matter.

(c) On the Third cause of action for Conversion, damages in an amount to be determined at trial of this matter;

(d) on the Fourth cause of action for breach of the implied covenant of good faith and fair dealing, in an amount to be determined at trial of this matter;

(e) On the Fifth cause of action for Unjust Enrichment, damages in an amount to be determined at trial of this matter;

(f) On all causes of action, reasonable attorney's fees, the costs and disbursements of this action and such other, further and different relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

Dated: Queens, New York
      June 14, 2023

                                                              _____
                                                              Yitzchok Kotkes, Esq.
                                                              1019 Neilson St. Apt 1A
                                                              Far Rockaway, NY 11691