UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALL PREMIUM CONTRACTORS INC.,

Plaintiff,

-against-

SUNLIGHT FINANCIAL LLC,

Defendant.

Case No. 23-cv-05059 (JLR)
**ORDER OF DISMISSAL**

JENNIFER L. ROCHON, United States District Judge:

On August 4, 2023, Defendant Sunlight Financial LLC filed a Motion to Compel Arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–16. Dkt. 13. This Court granted Defendant's Motion on October 19, 2023, and stayed the case pending arbitration. Dkt. 26.

On November 1, 2023, Defendant filed a suggestion of bankruptcy and automatic stay of proceedings pursuant to Section 362(a) of the Bankruptcy Code. Dkt. 27. On April 19, 2024, Defendant filed a letter informing the Court that the Bankruptcy Court had issued an Order Approving Disclosure Statement and Confirming Prepackaged Chapter 11 Plan of Reorganization of Defendant and its affiliated debtors. Dkt. 28. Accordingly, the automatic stay of proceedings under Section 362(a) of the Bankruptcy Code was terminated. *Id.*

On April 22, 2024, the Court issue an order stating that since the bankruptcy stay has been lifted, the Court "presume[d] the parties will now move to arbitration." Dkt. 29. The Court also ordered the parties to provide a joint status update no later than August 22, 2024. *Id.* On August 22, 2024, the parties informed the Court that Plaintiff had not yet commenced arbitration proceedings. Dkt. 30.

On October 2, 2024, this Court "warn[ed] Plaintiff that if it d[id] not prosecute its claims by commencing arbitration proceedings by November 4, 2024, the Court will dismiss the case for

failure to prosecute." Dkt. 33 (citing *Garnes v. Pritchard Indus., Inc.*, No. 20 Civ. 3843 (PAE) (SLC), 2024 WL 1929157 (S.D.N.Y. May 4, 2024)). This Court further ordered the parties to provide another joint status update by November 6, 2024. *Id.* On November 6, 2024, Defendant informed the Court that Plaintiff had failed to commence arbitration proceedings by the Court-ordered deadline of November 4, 2024. Dkt. 34; *see* Dkt. 33.

Federal Rule of Civil Procedure ("Rule") 41(b) provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). Rule 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). Courts must consider the following factors when making this determination:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

Here, Plaintiff has made no apparent attempt to commence arbitration proceedings since this Court ordered Plaintiff to do so nearly thirteen months ago. Dkt. 26; *see Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (collecting cases where delays of "several months" warranted dismissal). Plaintiff was given notice on October 2, 2024, that this action would be dismissed if it did not commence arbitration proceedings by November 4, 2024, Dkt. 33, which it did not do, Dkt. 34. And while there is no specific evidence on the record that delay will prejudice Defendant, "[p]rejudice to defendants resulting from unreasonable delay may be

presumed." *Andretta v. City of New York*, No. 21-cv-5783 (LJL), 2022 WL 4237125, at *2 (S.D.N.Y. Sept. 14, 2022) (alteration in original) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)).  Dismissal without prejudice appropriately strikes a balance "between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard."  *LeSane*, 239 F.3d at 209 (quoting *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)); *see also Graham v. Take-Two Interactive Software, Inc.*, No. 19 Civ. 2183 (GBD) (SDA), 2020 WL 3412939, at *2 (S.D.N.Y. June 22, 2020) ("[T]he fact that Plaintiff's delays have not directly impacted the trial calendar supports dismissal without prejudice.").  Finally, because Plaintiff has "ignored repeated warnings and deadlines" from this Court without explanation, no other lesser sanction is suitable at this juncture.  *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248 (2d Cir. 2004).

For the reasons stated herein, the instant action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).  The Clerk of Court is respectfully directed to close the case.

Dated:  November 7, 2024
New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge

3